

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. B. Turner
District Attorney
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-4597
Re: May an assistant county attorney
receive compensation under a de-
linquent tax contract which he
entered into prior to his appoint-
ment as assistant county attorney?

Your letter of May 18, 1942, requesting our opinion
on the above stated question reads as follows:

"Your letter of the 8th instance directed
to R. L. Crosier together with copy of your opin-
ion No. O-3448 enclosed therein, duly received.
As Mr. Crosier is shortly to enter the United
States Naval Reserve and not having the time to
do so himself asked me to prepare for him a
brief on the question which he submitted to you
in his letter of the 8th instance for your opin-
ion with reference to the right of his assis-
tant, J. H. Bauldwin, to receive commissions on
delinquent taxes collected under a contract
entered into with Johnson County, prior to his
appointment as Assistant County Attorney.

"It is my understanding the order appointing
Mr. Bauldwin, Assistant County Attorney, does not
provide for the payment of any salary to him out
of any county or other public funds. It is also
my understanding that the contract relating to
the collection of delinquent taxes expires the
31st day of December, 1942.

"I submit the following for your considera-
tion: Article 7326, R. C. S. makes it the duty of
the County Attorney to file suits for the collec-
tion of delinquent taxes, etc.

"Article 7335 R. C. S. authorizes the Commissioners Court of any county after the expiration of thirty days notice in writing to the County Attorney to file delinquent tax suits and his failure to do so, shall deem it necessary expident, said Commissioners Court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any state and county taxes for a percentage of the taxes, etc., actually collected, etc.

"The contract between the County and Mr. Beuldwin for the collection of the delinquent taxes is still in force and effect and he has since the date of same been engaged in carrying out its terms and provisions.

"34 Texas Jurisprudence, page 607, it is said the duties of an Assistant are to be performed in connection with and under the direction of the principal.

"In Meeper vs. Stewart 66 S. W. (2d) 812, in discussing the meaning of the word 'Assistant' the court stated that it is universally defined as one who aids, helps or assists also that the word 'Assistant' necessarily implies that the duties are to be performed in connection with and under the direction of the Superintendent, in discussing the duties of an Assistant County Superintendent.

"It seems to me that in as much as the Statute failed to make it the duty of the Assistant County Attorney to collect the delinquent taxes and in as much as the statute also by implication gives the County Attorney the right to refuse, in his discretion, to file suit for the collection of delinquent taxes, and authorize the Commissioners Court to enter into contract with some competent attorney for the collection of the delinquent taxes; and the fact that the contract for the collection of the delinquent taxes anti dated the appointment of said attorney as Assistant County Attorney, coupled with the fact that his appointment as Assistant

County Attorney does not provide for the payment of any salary or compensation from the county funds or any other public funds for his services as Assistant County Attorney, it is my judgment that Mr. Bauldwin would be authorized under the law to continue to collect his commissions on the delinquent tax contract until the expiration of same and also discharge the duties as Assistant County Attorney at the same time.

"Your opinion with reference to the above matter will be greatly appreciated."

Article 3902 and Article 331, Vernon's Annotated Civil Statutes, authorize county attorneys, by consent of the Commissioners' Court to appoint in writing one or more assistants for their respective counties, who shall have the same powers, authority and qualifications as their principals. Such assistants, before entering on the duties of their offices shall each take the official oath which shall be endorsed upon their appointments and the oath and appointment shall be recorded and deposited in the county clerk's office.

Our opinion No. 0-988, among other things, holds in effect that the Commissioners' Court is not authorized to contract with or to pay a county attorney a percentage of delinquent taxes collected.

In opinion No. 0-1692, this department held in response to the following question: "May a county attorney represent an independent school district of the same county in the collection of delinquent taxes and the filing of and intervention in tax suits in its behalf?" that:

"From a consideration of the foregoing statutes it is evident that the office of county attorney is incompatible with the duties of a delinquent tax attorney for an independent school district located in the same county inasmuch as he might be required to take some action as delinquent tax attorney for the independent school district which might result in the county sustaining some loss of its tax revenue."

We also direct your attention to opinions No. 0-87, No. 0-2410 (conference opinion No. 3105) and No. 0-2610 of this department. Copies of all the above mentioned opinions are enclosed for your convenience.

Under Article 331, supra, an assistant county attorney possesses the same powers, authority and qualifications as his principal. Therefore, it would naturally follow that he (the assistant county attorney) would have the same duties as his principal. The duty of collecting delinquent taxes is imposed upon the county attorney by statute. It is apparent that the same duty is imposed on the assistant of the county attorney. As the county attorney cannot contract with the county to collect delinquent taxes neither could his assistant. Under the facts as above stated, the assistant will be performing all the duties of the county attorney during the absence of said county attorney when he is in the Naval Reserve.

Article 7335, Vernon's Annotated Civil Statutes, authorizes the Commissioners' Court of any county after the expiration of thirty days' notice in writing to the county attorney to file delinquent tax suits, and his failure to do so shall deem it necessary and expedient, said Commissioners' Court may contract with any competent attorney to enforce or assist in the enforcing of the collection of any state and county taxes for a percentage of the taxes, etc., actually collected.

In view of the foregoing facts and authorities, it is our opinion that the same duty is imposed upon the assistant county attorney to collect delinquent taxes as is imposed upon the county attorney. It is our further opinion that the assistant county attorney in question has no authority to collect delinquent taxes under the contract in question and receive the compensation provided for in said contract. If the assistant county attorney collects said delinquent taxes, he must do so in the capacity of his principal as required and authorized by statute, and not by virtue of contract. It is our further opinion that the duties of an assistant county attorney are incompatible with the duties of a delinquent tax attorney for the county. Therefore, the above stated question is answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED JUN 16, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:GC

ENCLOSURES

APPROVED
OPINION
COMMITTEE
BY